**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

DEUTSCHE BANK NATIONAL TRUST §
COMPANY, AS TRUSTEE FOR §
AMERIQUEST MORTGAGE §
SECCURITIES INC., ASSET-BACKED §
PASS-THROUGH CERTIFICATES, §
SEERIES 2004-R1, §                     CIVIL ACTION NO. 5:25-CV-31-RWS-JBB
§
Plaintiff, §
§
v. §
§
EDWARD MACK FISHER, SR., §
EARNESTINE EVELYN YOUNG, §
§
Defendants. §

## <u>ORDER</u>

On March 19, 2025, Plaintiff Deutsche Bank National Trust Company, as Trustee for

Ameriquest Mortgage Securities Inc., Asset-Backed Pass-through Certificates, Series 2004-R1

filed suit against Defendants Edward Mack Fisher, Sr. and Earnestine Evelyn Young, seeking a

declaratory judgment, enforcement of statutory probate lien, non-judicial foreclosure, or,

alternatively, judicial foreclosure and attorneys' fees and costs. Docket No. 1 at ¶¶ 28–39. The case

was referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636.

Docket No. 3.

On April 7, 2026, the magistrate judge issued a report and recommendation, recommending

Plaintiff's Motion for Default Judgment as to Defendants Edward Mack Fisher, Sr. and Earnestine

Evelyn Young (Docket No. 10) be granted-in-part and denied-in-part. *See* Docket No. 15.

Specifically, the magistrate judge recommended the Court enter (1) a judgment against Defendants

for court costs, when properly submitted; (2) a judgment against Defendants for reasonable

attorneys' fees, not as a personal judgment, but as an obligation secured by the Security Instrument

on the Property, to be conditioned on Plaintiff submitting a proper motion and evidence within fourteen (14) days of any order ruling on the report and recommendation; (3) a judgment declaring that Plaintiff is the owner and holder of the Note with standing to enforce the Security Instrument; and (4) a judgment against Defendants declaring that Plaintiff, its successors, and assigns may proceed with non-judicial foreclosure of the Property at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Tonya Lagale Fisher's right, title, and interest to the Property. *See id.* at 11. The magistrate judge further recommended the Court deny the part of Plaintiff's motion seeking a declaration that the outstanding balance of the Note, prejudgment interest, post-judgment interest from the date of judgment until paid, and costs of court are secured by the Security Instrument on the Property because those requests were not demanded in the pleadings. *Id.* at 12.

Objections to the report and recommendation were due by April 21, 2026. FED. R. CIV. P. 72(b)(2). To date, no party has filed objections to the report. The Court received and considered the report and recommendation of the magistrate judge, along with the record, pleadings, and all available evidence. After review, the Court concludes that the findings of fact and conclusions of law in the magistrate judge's report and recommendation are correct. Accordingly, it is

**ORDERED** that the report and recommendation of the magistrate judge (Docket No. 15) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that Plaintiff's Motion for Default Judgment as to Defendants Edward Mack Fisher, Sr. and Earnestine Evelyn Young (Docket No. 10) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff shall have fourteen (14) days from the date of this Order to file a motion for

attorneys' fees establishing the amount of the reasonable and necessary attorneys' fees and costs that Plaintiff has incurred, with supporting evidence, based on an acceptable method for calculating attorneys' fees under the Loan Agreement at issue in this case and in accordance with the case law of this circuit. Should Plaintiff elect not to timely file a motion for attorneys' fees, then final judgment will be entered without an award of attorneys' fees.

**So ORDERED and SIGNED this 11th day of May, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE